IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREANDOUS COTTON,<br><br>    Plaintiff,<br><br>  v.<br><br>MATTTHEW CATE, CDCR Director; HEDGEPETH, Warden; G.A. NEOTTI, Chief Deputy Warden; SUE SUMMERSET, Departmental Food Administrator; A. LANDOU, Chaplain; J. BRUNSCHER, Supervising Correctional Cook; R. CONWAY, Correctional Food Manager; K. ROBINSON, Assitant Correctional Food Manager; R. MANUEL,<br><br>    Defendants. | No. C 09-0385 WHA (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; GRANTING EXTENSION OF TIME; SCHEDULING DISPOSITIVE MOTIONS**<br><br><br><br><br>(Docket Nos. 13, 16, 18) |

**INTRODUCTION**

Plaintiff, a California prisoner proceeding pro se, has filed a civil rights action under 42 U.S.C. 1983. The first amended complaint was found to contain cognizable claims under 28 U.S.C. 1915A(a) when liberally construed, and it was served upon defendants Matthew Cate, A. Hedgepeth, G.A. Neotti, Sue Summerset, A. Landou, J. Brunscher, R. Conway, K. Robinson, and R. Manuel, employees of the California Department of Corrections and Rehabilitation ("CDCR"). Nevertheless, defendants filed a motion to dismiss the amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that

1  it fails to state a cognizable claim for relief.  Plaintiff filed an opposition and defendants filed a
2  reply.  For the reasons discussed below, the motion to dismiss is **GRANTED IN PART AND**
3  **DENIED IN PART**.

## BACKGROUND

The following background is taken from the allegations in the amended complaint and attachments thereto.

On June 1, 2008, plaintiff, an inmate at Salinas Valley State Prison, became a member of the Shetaut Neter religion (Amend. Compl., "Statement of Facts," 1.)  The religion "prescribes" a "Kermetic" diet, which prohibits, among other things, the consumption of any meat or meat byproducts, including dairy and eggs (*id.* at 1 & Ex. G).  The prison has two religious meal options, a Kosher meal for Jewish inmates and a general religious meal that is vegetarian (*id.* at 1).  Plaintiff is not Jewish, and the vegetarian meal includes dairy and eggs as protein substitutes (*id.* at 1-2 & Ex. A).  Plaintiff has requested meals with a protein source that is not meat or a meat byproduct, and he has proposed peanut butter, but his requests have been denied by defendants (*id.* at 1-5 & Exs. A-E).  Plaintiff claims that as a result of defendants' actions he is forced to choose between substantially burdening his religious practices by eating prohibited foods, or avoiding the meat and meat byproducts and thereby not receiving a sufficiently nutritious diet (*id.* at 1-5).  He alleges that he has suffered fatigue, sleepiness, stress, weight loss and hunger (*id.* at 2).  Plaintiff claims that defendants' actions have violated his right to practice his religion and his right to equal protection.

## ANALYSIS

**A.    STANDARD OF REVIEW**

Failure to state a claim is a grounds for dismissal before service under both Section 1915A, as well as under Rule 12(b)(6).  Dismissal for failure to state a claim is a ruling on a question of law.  *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995).  "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

2

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87. A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 570; *see, e.g., Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1952 (2009).

Review is limited to the contents of the complaint, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *Id.* at 688 (discussing Fed. R. Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). The court need not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Ibid.*

A pro se pleading must be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Twombly*, 550 U.S. at 570 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Symington*, 51 F.3d at 1484.

**B.    LEGAL CLAIMS**

3

### 1. Religious Practice Claims

In the order of service, plaintiff's amended complaint was found, when liberally construed, to state a cognizable claim for relief against defendants for violating his right to the free exercise of his religion. This right is protected both by the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Nevertheless, defendants argue that plaintiff has failed to state a cognizable claim because he has not alleged that defendants have "substantially burdened" his religious practices.

In order to establish a violation of the First Amendment right to the free exercise of religion, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. *Shakur v. Schriro*, 514 F.3d 878, 883-84 (9th Cir. 2008); *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987) (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). RLUIPA provides: "No government shall impose a substantial burden on the religious exercise" of a prisoner, "even if the burden results from a rule of general applicability," unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a). As opposed to the deferential rational basis standard of *Turner*, RLUIPA requires the government to meet the much stricter burden of showing that the burden it imposes on religious exercise is "'in furtherance of a compelling governmental interest; and is the least restrictive means of furthering that compelling governmental interest.'" *Greene v. Solano County Jail*, 513 F.3d 982, 986 (9th Cir. 2008) (quoting 42 U.S.C. § 2000cc-1(a)(1)-(2)). Under RLUIPA, a "substantial burden" is "a significantly great restriction or onus upon" the exercise of religion. *San Jose Christian College*, 360 F.3d at 1034.

Plaintiff alleges that he is not able to adhere to his religion's requirement that he eat only a "vegan" diet, i.e. one without meat or meat byproducts, because the vegetarian religious meals offered at his prison still include dairy and eggs. Defendants argue that strict adherence to vegan diet is not a requirement of Shetaut Neter religion and that the religious vegetarian diet at the prison is a "reasonable accommodation" of his religious practices.

A prisoner is not required to objectively show that a central tenet of his faith is burdened

4

by a prison regulation to raise a viable claim under the Free Exercise Clause. *Shakur*, 514 F.3d at 884-85. Rather, the "sincerity" test of whether the prisoner's belief is "sincerely held" and "rooted in religious belief" determines whether the Free Exercise Clause applies. *Ibid*. The prisoner need only show that: (1) the proffered belief is sincerely held and (2) the claim is rooted in religious belief, not in purely secular philosophical concerns. *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994) (cited with approval in *Shakur*, 514 F.3d at 884). Similarly, RLUIPA expanded the reach of the protection to include "any religious exercise, including 'any exercise of religion, whether or not compelled by or central to, a system of religious belief.'" *Greene*, 513 F.3d at 986 (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 714 (2005) and 42 U.S.C. §2000cc-5(7)(A)). RLUIPA "bars any inquiry into whether a particular belief or practice is 'central' to a prisoner's religion." *Greene*, 513 F.3d at 986.

Plaintiff's sincerity in his religious belief in a vegan diet is certainly plausible when the allegations in the amended complaint and attachments are taken as true and all inferences are drawn therefrom in favor of plaintiff, as is required at this stage of the litigation. Plaintiff alleges that he is a member of the Shetaut Neter, that the religion requires a vegan diet, and that he has avoided eating meat and meat byproducts to the point of suffering some adverse physical symptoms. In addition, plaintiff attaches to his amended complaint a declaration by an expert in the Shetaut Neter religion, Dr. Sebai Muata Ashby, in which Dr. Ashby states that the vegan diet is "prescribed" and "mandated" by certain scriptures of the religion (Amend Compl. Ex. G).

Defendants argue that plaintiff's lack of sincerity in needing a vegan diet is shown by Dr. Ashby's statement that "we understand" that if practitioners are "in situations where alternatives" to meat and meat byproducts are not available, the practitioner may consume "minimal" amount of prohibited foods if necessary "in order to survive and maintain health" (*see* Amend. Compl. Ex. G ¶ 9). The fact that the religion permits deviations from the diet when necessary for a prisoner to "survive" and "maintain health" because a vegan diet is not available (*ibid.*) does not mean that petitioner does not sincerely belief in the need for adhering to the diet as a religious matter. *See Shakur*, 514 F.3d at 883-84 (finding district court impermissibly focused on whether consuming Halal meat is required of Muslims as a central

5

1  tenet of Islam, rather than on whether plaintiff sincerely believed eating kosher meat is
2  consistent with his faith). Defendants also point to a statement by a prison investigator that
3  plaintiff admitted that he could eat fish if necessary (Amend. Compl. Ex. A). This hearsay
4  statement, which plaintiff does not admit to in his complaint, cannot be used against plaintiff at
5  this stage. Moreover, even if the statement were true, plaintiff's willingness to eat fish "if he
6  has to" (*ibid.*) is not an admission that he does not have a sincere religious belief in the need for
7  a vegan diet.

8  Defendants also argue that they have not prevented plaintiff from eating a vegan diet,
9  but have simply not provided him with one. A reasonable inference can be drawn that it is a
10 substantial burden on plaintiff to eat a nutritionally deficient diet in order to avoid eating food
11 that is proscribed by his religion, as plaintiff alleges. In a motion for summary judgment
12 defendants may present evidence supporting their additional arguments that it would be an
13 excessive burden to provide vegan meals catering to plaintiff's religious preferences, that
14 alternative protein sources are available to plaintiff at the commissary or via other means, and
15 the accommodation of plaintiff's other religious practices could be considered. At this stage,
16 however, such arguments cannot be considered because they rely upon evidence falling outside
17 of the allegations in the amended complaint and attachments thereto.

18 Lastly, defendants' qualified immunity argument fails because it was "clearly
19 established" at the time of defendants' actions in 2008, by which time RLUIPA was in effect
20 and *O'Lone, Cutter, Greene*, *Shakur* and *Malik* had been decided, that defendants were not
21 allowed to "substantially" burden plaintiff's sincerely held religious beliefs and practices. *See*
22 *Pearson v. Callahan*, 129 S.Ct. 808, 818 (2009) (qualified immunity not available if a
23 reasonable defendant would have known that their conduct violated "clearly established" law).
24 As discussed above, when plaintiff's allegations are liberally construed, taken as true, and
25 viewed in a light most favorable to him, a reasonable person would have known that denying
26 his requests for a vegan meal substantially burdened his sincerely believed religious practices.

27 For the foregoing reasons, as was previously found in the order of service, plaintiff's
28 allegations are sufficient to state cognizable claims that defendants are violating his rights to the
free exercise of his religion under the First Amendment and RLUIPA.

6

2. <u>Equal Protection</u>

Plaintiff also claims that his right to equal protection is violated because other inmates are having their religious dietary needs met.

The Equal Protection Clause requires that an inmate who is an adherent of a minority religion be afforded a "reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts," *Cruz v. Beto*, 405 U.S. 319, 322 (1972), as long as the inmate's religious needs are balanced against the reasonable penological goals of the prison, *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 349 (1987). Although prisoners are entitled to equal protection, it does not follow that a prison must duplicate every religious benefit it provides so that all religions are treated exactly the same. As the Supreme Court explained in *Cruz*:

> We do not suggest . . . that every religious sect or group within a prison--however few in number--must have identical facilities or personnel. A special chapel or place of worship need not be provided for every faith regardless of size; nor must a chaplain, priest, or minister be provided without regard to the extent of the demand. But reasonable opportunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendments without fear of penalty.

405 U.S. at 322 n.2. The prison must make a good faith accommodation in light of practical considerations. *Freeman*, 125 F.3d at 737.

Defendants argue that plaintiff does not identify which other religions are accommodated by the diets provided at the prison. It can easily be inferred from his allegations, however, that Jewish inmates are accommodated by the kosher meals made available to them, and that there are "vegetarian adherents" accommodated by the general vegetarian religious meals (Amend. Compl. "Supporting Facts" 8). Defendants also reiterate their argument that plaintiff's dietary needs are being accommodated like those of other inmates because a strict vegan diet is not required by his religion. For the reasons discussed above, a reasonable inference can be drawn from the allegations in the amended complaint and the attachments thereto, including Dr. Ashby's declaration, that the vegan diet is necessary in order to reasonably accommodate plaintiff's sincerely believed religious practices. Accordingly, plaintiff has stated a cognizable claim for a violation of the Equal Protection Clause.

3. <u>Defendants</u>

7

Defendants argue that plaintiff has failed to state a cognizable claim against defendants Cate, the Director of the CDCR, Warden Hedgepeth, Chief Deputy Warden Neotti, Departmental Food Administrator Summersett, Chaplain Landau, Supervising Cook J. Brunscher, Food Manager Conway, and Assistant Food Manager Robinson, because plaintiff has not alleged a causal connection between them and the failure to provide him with a vegan diet. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Plaintiff's allegations in the amended complaint, and the attachments thereto, indicate that he requested vegan meals in letters or administrative grievances to defendants Robinson, Brunscher, Landau, Summersett, Neotti, Conway, and Hedgepeth, as well as defendant Manuel, but his requests were denied. Plaintiff's allegation that defendants did not grant his requests for vegan meals, if true, sufficiently alleges their involvement in the asserted violation of his constitutional rights. Moreover, while the denial of inmate grievances in and of itself is not a constitutional violation, *see Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003), here the allegation is that the defendants' denial of such grievances caused plaintiff to not receive the vegan meals he requested. Thus, his claims against them are, when liberally construed, cognizable.

By contrast, plaintiff does not make any allegations as to how defendant Cate was involved in the alleged failure to provide vegan meals, and Cate is certainly not liable simply based upon the liability of his subordinates under a respondeat superior theory. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (under no circumstances is there respondeat superior liability under section 1983). Accordingly, the claims against defendant Cate will be dismissed, but the claims against the other defendants will not.

## CONCLUSION

1. Defendants' motion to dismiss (Docket No. 13) is **GRANTED IN PART AND DENIED IN PART**. The claims against defendant Matthew Cate are **DISMISSED**. All other claims remain.

2. The motions for an extension of time (Docket Nos. 16, 18) are **GRANTED**.

3. In order to expedite the resolution of this case, the court orders as follows:

8

a. No later than ninety days from the date this order is filed, defendants shall file a motion for summary judgment. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than thirty days from the date of the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

c. Defendants **shall** file a reply brief no later than fifteen days after the date the opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

**IT IS SO ORDERED.**

Dated: July 19, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.09\COTTON.MTD12b6.wpd

9

**NOTICE -- WARNING**
**(SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.