**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

IN THE UNITED STATES DISTRICT COURT

8

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

12   TREANDOUS COTTON,                                No. C 09-00385 WHA (PR)

13          Plaintiff,                               **ORDER DENYING MOTION TO
                                                     DISQUALIFY; ORDER DENYING
14      v.                                           MOTION TO RECUSE**

15   A. HEDGPETH, et al.,                            (Docket Nos. 147 and 148)

16          Defendants.

17                                          /

18          Plaintiff moves under 28 U.S.C. 455 to disqualify the presiding judge because he

19   "cannot faithfully and impartially discharge and perform his duties in good faith" (dkt. 148 at

20   1). He believes this because the judge has failed to act on evidence that defendants have

21   submitted false evidence (*ibid.*). Plaintiff's prior motions regarding his accusations about

22   defendants have been denied without prejudice to his raising them at trial, which is set for

23   September 28, 2015.

24          A party may move to disqualify, or recuse, a judge from presiding in a given case.

25   Motions to disqualify fall under two statutory provisions, 28 U.S.C. 144 and 28 U.S.C. 455, of

26   which only the second is relevant here. Section 455 requires a judge to disqualify himself "in

27   any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. 455(a),

United States District Court

For the Northern District of California

1  including where the judge "has a personal bias or prejudice concerning a party," *id.* 455(b)(1).

2  Recusal is appropriate when "a reasonable person with knowledge of all the facts would

3  conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic*

4  *Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted).

5         Plaintiff's allegations do not show that a reasonable person would conclude that the

6  presiding judge's impartiality might reasonably be questioned.  Merely ruling against plaintiff is

7  not sufficient to show prejudice or bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994)

8  (holding judicial rulings on basis of facts introduced or events occurring in course of judicial

9  proceedings "almost never" provide grounds for recusal); *United States v. Sibla*, 624 F.2d 864,

10  868 (9th Cir. 1980) (holding affidavit not legally sufficient unless it alleges facts demonstrating

11  bias or prejudice that "stems from an extrajudicial source").  Bias or prejudice cannot be shown

12  here merely because it was recommended that plaintiff raise his concerns at trial when

13  defendants can respond to the allegations.  Accordingly, the motion to disqualify (dkt. 148) is

14  **DENIED**.

15         Plaintiff's motion to "recuse" the California Attorney General's Office from defending

16  the defendants (dkt. 147) is **DENIED** for the same reasons.  Plaintiff may raise this issue at trial

17  when defendants can respond to the allegations.

18         This order terminates Docket Nos. 147 and 148.

19         **IT IS SO ORDERED.**

20  Dated: August ___31___, 2015.

21                               WILLIAM ALSUP
                             UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27